UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

　　　　　　Plaintiff,

v.

ROMAN A. WHYTE,

　　　　　　Defendant.

Case No. 16-CR-165-2-JPS

**ORDER**

---

**1.　BACKGROUND**

On October 20, 2020, Defendant filed a motion for compassionate release. (Docket #78). The Government filed a response, (Docket #82), and Defendant replied, (Docket #88). The Court has reviewed these submissions and will deny Defendant's motion for compassionate release.

**2.　FACTS**

Defendant is serving a federal sentence for his participation in an armed robbery of a pharmacy. He pleaded guilty, and, on June 29, 2017, this Court sentenced him to 65 months in prison, consecutive to a state sentence which he was already serving. (Docket #50 at 7–9, #57). Defendant is currently detained at Federal Correctional Institution Pekin ("FCI Pekin") in Pekin, Illinois.[1]

Defendant is a 30-year-old male. (Docket #50 at 4). In his motion, he states that he suffers from "chronic to severe asthma." (Docket #78 at 2). At the time of his sentencing, Defendant reported to be in good physical condition, but noted that he suffered from asthma and used an inhaler.

---

[1] At the time Defendant filed his motion, he was being detained at Federal Correctional Institution Manchester in Manchester, Kentucky. (Docket #78 at 1).

(Docket #50 at 20). Bureau of Prison ("BOP") health records indicate that Defendant was seen by health professionals on a few occasions. (Docket #84 at 1). In records from March and September 2020, medical professionals noted that Defendant was "stable" on medication and that he denied having any cough, wheeze, sleep issues, or related concerns. (*See generally id.*)

As of June 11, 2021, FCI Pekin reports that no inmates and nine staff members have active cases of COVID-19.[2] No inmate deaths have been reported, and 725 inmates and 78 staff have recovered from the virus.[3] Further, FCI Pekin is reporting that 123 of its staff and 553 of its inmates have been *fully* vaccinated.[4]

In his motion, Defendant asks the Court to release him from prison because (1) COVID-19 poses a unique risk to prisoners, and (2) he is at increased risk of harm from COVID-19 due to his asthma. (Docket #78 at 1–2). At the time Defendant submitted his motion, he stated that there was no vaccine for the disease. (*Id.* at 1). If released, Defendant intends to live with his mother. (*Id.* at 2–3).

3. **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier."

---

[2] Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited June 11, 2021).

[3] *Id.*

[4] *Id.*

18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia.

U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

**4. ANALYSIS**

First, the Government challenges whether Defendant exhausted his administrative remedies. *See Gunn*, 980 F.3d at 1179 ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it.") (internal citations omitted). The Government alleges that it confirmed with the BOP that Defendant had never, in fact, made a request for a sentence reduction

Page 4 of 7
Case 2:16-cr-00165-JPS   Filed 06/11/21   Page 4 of 7   Document 89

with the BOP. (Docket #82 at 7). While Defendant does not allege in his motion that he exhausted his administrative remedy, he does allege so in his reply brief. (Docket #88 at 2). Defendant states that he "filed the proper paperwork with the BOP in the month of August, 2020." (*Id.*) He believes that his request was "misplaced," and states that his unit manager would be willing to substantiate this. (*Id.*) However, Defendant provides nothing more beyond his word that his unit manager would state that he submitted a request with the BOP.

Even if Defendant exhausted his administrative remedies, the Court must next determine whether he has presented an extraordinary and compelling reason warranting his release. The outbreak of COVID-19, together with a defendant's underlying medical conditions that place the defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g.*, *United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). But, with regard to COVID-19, "reliance on circumstances applicable to everyone in prison would appear to read the term 'extraordinary' out of the statute." *United States v. Scott*, 461 F. Supp. 3d 851, 863 (E.D. Wis. 2020). "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Thus, the Court will not consider Defendant's generalized concerns about the risks of COVID-19 in prisons to be extraordinary and compelling.

Defendant's only alleged health concern is asthma. While this condition does appear on the Centers for Disease Control and Prevention's (the "CDC") list of conditions that can make a person more likely to get

Page 5 of 7
Case 2:16-cr-00165-JPS   Filed 06/11/21   Page 5 of 7   Document 89

severely ill from COVID-19, the CDC states that asthma must be "moderate to severe."[5] Based on his medical records, Defendant's asthma appears to be "stable" under his current treatment plan. (Docket #84 at 5). He did not complain of any symptoms (e.g., coughing or wheezing) to medical staff—in fact, he reported that he "is doing well" as of September 29, 2020. (*Id.* at 1). Defendant's asthma does not rise to the level of "extraordinary and compelling." *See United States v. Dover*, No. 14-CR-196, 2020 WL 4339222, at *7 (E.D. Wis. July 28, 2020) ("While defendant suffers from asthma, she presents no medical evidence showing that her condition falls in the moderate to severe category referenced by the CDC.").

In addition, FCI Pekin is well underway in vaccinating is staff and inmate population. Even where "[t]he available medical records do not indicate that [a defendant] has himself been vaccinated . . . federal courts recently have held that the deployment of the vaccine by the BOP significantly mitigates the assessment of risk." *United States v. Collins*, No. 17-20360, 2021 WL 869651, at *5 (E.D. Mich. Mar. 8, 2021); *see also United States v. Sims*, No. 90-80492, 2021 WL 872218, at *3 (E.D. Mich. Mar. 9, 2021) ("[F]ederal courts have acknowledged that the deployment of the vaccine by the BOP significantly mitigates the assessment of risk."); *United States v. McKay*, No. 1:18-CR-00339-PAC-7, 2021 WL 807108, at *4 (S.D.N.Y. Mar. 3, 2021) ("Moreover, the BOP has begun vaccinating both inmates and staff . . . . And with the BOP committed to vaccinating all prisoners during the upcoming months, . . . [defendant] will eventually receive the vaccine . . . [likely] more quickly in prison than outside of it.") (internal

---

[5]*People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 11, 2021).

quotation and citation omitted). Accordingly, Defendant has not presented an extraordinary and compelling reason warranting his early release.

5.  **CONCLUSION**

It is unclear whether Defendant has exhausted his administrative remedies. Further, he has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny Defendant's motion for compassionate release, (Docket #78). The Court will grant the Government's motion to seal, (Docket #83), as well as its motion for leave to file a supplemental response,[6] (Docket #86).

Accordingly,

**IT IS ORDERED** that Defendant Roman A. Whyte's motion for compassionate release (Docket #78) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Government's motion to seal (Docket #83) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Government's motion for leave to file a supplemental response (Docket #86) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[6] The supplemental response concerned a change in controlling law as decided by the Seventh Circuit in *Gunn*, 980 F.3d 1178.